IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD LEE JOHNSON,**

      **Plaintiff,**

v.                                                Civil Action No. 5:06cv1
                                                         (Judge Stamp)

**POTOMAC HIGHLANDS REGIONAL JAIL,
JERRY DETRICCK, PRIME CARE AND
SGT. JAMES ELZA,**

      **Defendants.**

### OPINION/REPORT AND RECOMMENDATION

On June 3, 2005, *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants in the United States District Court for the Southern District of West Virginia. However, because the events giving rise to Plaintiff's claims occurred at the Potomac Highlands Regional Jail, the case was transferred to this Court on December 30, 2005. Plaintiff was granted permission to proceed as a pauper on April 3, 2006.

Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### I. The Complaint

In the complaint, Plaintiff states that he is "filing for unjust treatment from Potomac Highlands Regional Jail [and] Sgt. Elza who work[s] for the jail." Plaintiff states that he suffered cruel and unjust treatment when he was placed in lock-down when he would not sleep on the floor because of medical problems with his back. Plaintiff feels that he should not have been placed in lock-down. Plaintiff states that his being moved from a medical pod to the floor of a non-medical

pod was racially motivated.

Plaintiff also asserts that on May 27, 2005, he was assaulted by six to eight guards at the Potomac Highlands Regional Jail. Plaintiff states the assault occurred while he was handcuffed and shackled and that the guards tried to break his left arm and leg. Plaintiff states that as a result his left knee is swollen and very sore. Plaintiff requested that the state police be contacted, but his request was denied.

In the complaint, Plaintiff admits he has not exhausted his administrative remedies with regard to the issues raised in the complaint, but argues that the Potomac Highlands Regional Jail does not have a grievance procedure.

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should

only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.  Analysis

### A.  Potomac Highlands Regional Jail and Prime Care

In the complaint, Plaintiff names the Potomac Highlands Regional Jail and Prime Care medical as defendants in this action. However, neither of these defendants is a person and are therefore, not proper parties to this action and should be dismissed. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) (Claims under § 1983 are directed at persons); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983).

### B.  Jerry Detricck

In the complaint, Plaintiff names Jerry Detricck ("Detricck") in his capacity of the Administrator of the Potomac Highlands Regional Jail. However, Plaintiff does not assert that the Detricck was personally involved in the violation of his constitutional rights. Instead, Plaintiff names the Administrator only in his official capacity as the overseer of the Jail and its employees.

There is no *respondeat superior* liability under § 1983. See Monell v. Department of Social Services, 436 U.S. 658 (1978); see also Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997).

---

[1] Id. at 327.

3

Instead, "liability will lie where it is affirmatively shown that the official charges acted personally in the deprivation of the plaintiff's rights." Vinnedge, supra. Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[2]

Because Plaintiff fails to allege any personal involvement on the part of the Detricck and does not make any allegations which reveal the presence of the required elements for supervisory liability, Plaintiff fails to state a claim against Detricck and he should be dismissed as a defendant in this action.

**C. Sgt. James Elza**

In the complaint, it appears that Sgt. Elza is the person who allegedly placed Plaintiff in lock-down, after trying to move him from a medical pod to the floor of a non-medical pod for racially

---

[2] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

4

motivated reasons. Even assuming that Plaintiff has stated facts sufficient to carry his claim beyond summary dismissal, Plaintiff's claim against Sgt. Elza should be dismissed for the failure to exhaust administrative remedies.

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[3] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter at 524 (citing Booth at 741) (emphasis added). In addition, the Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . ." See Booth at 741, n. 6.

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

Plaintiff's assertion that the Potomac Highlands Regional Jail does not have an

---

[3] Porter at 524.

administrative remedies procedure is incorrect. According to the inmate handbook for the Regional Jail Authority, of which Plaintiff should be familiar, the Regional Jail Authority has a three-step grievance process. First, the prisoner must file a Level One grievance with the Administrator on an inmate grievance form which is to be provided by jail personnel. If unsatisfied with the Level One decision, the prisoner may proceed to Level Two by filing an appeal with the Chief of Operations. Such appeal must be filed, in writing, within five days of the receipt of the Administrator's decision and must include a copy of the initial complaint and the Administrator's decision. Within five (5) days of receipt of a Level Two Decision, an inmate may request a review by the office of the Executive Director. The inmate must mail copies of the original Complaint and copies of all responses to the office of the Executive Director, Regional Jail Authority.

Clearly, the Regional Jail Authority does have an established grievance procedure. Moreover, Plaintiff admits that his administrative remedies are not exhausted with regard to his claims against Sgt. Elza. Thus, the failure to exhaust is clear on the face of the complaint and *sua sponte* dismissal is appropriate. See Anderson, 407 F.3d at 682.

**D. Plaintiff's Alleged Assault**

Plaintiff's claim that he was assaulted on May 27, 2005, by six to eight corrections officers must also be dismissed for the failure to exhaust. In addition, the Court notes that even had Plaintiff exhausted this claim, he fails to name any of the correction officers who allegedly participated in the assault and this claim is also insufficiently pled. See Fed.R.Civ.P. 8(a) ("[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*,

and (3) a demand for judgment for the relief the pleader seeks") (emphasis added); see also Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) ("although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant").

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's claims against the Potomac Highlands Regional Jail, Prime Care and Jerry Detricck be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim. In addition, the undersigned recommends that Plaintiff's claims against Sgt. James Elza be **DISMISSED without prejudice** for the failure to exhaust administrative remedies and his assault claims be **DISMISSED without prejudice** for the failure to exhaust and/or as insufficiently pled.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro*

\se plaintiff and counsel of record, as applicable.

    DATED: November 14, 2006.

                              **/s** *John S. Kaull*
                              JOHN S. KAULL
                              UNITED STATES MAGISTRATE JUDGE