IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RONALD LEE JOHNSON,

    Plaintiff,

v.                                    Civil Action No. 5:06CV1
                                                (STAMP)
POTOMAC HIGHLANDS REGIONAL JAIL,
JERRY DETRICCK, Administrator,
PRIME CARE and SGT. JAMES ELZA,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On June 3, 2005, the plaintiff, Ronald Lee Johnson, appearing pro se,[1] filed a civil rights complaint in the United States District Court for the Southern District of West Virginia against the defendants, Potomac Highlands Regional Jail, Jerry Detricck ("Detricck"), Prime Care and Sgt. James Elza. Because the events giving rise to the plaintiff's claims occurred at the Potomac Highlands Regional Jail, the case was transferred to this Court on December 30, 2005.

This Court referred the complaint to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to Local Rule of Prisoner Litigation

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

Procedure 83.02, et seq. and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge entered an order permitting the plaintiff to proceed in forma pauperis on April 3, 2006.

On November 15, 2006, Magistrate Judge Kaull entered a report recommending that the plaintiff's complaint should be dismissed with prejudice. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. To date, neither party has filed objections to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Discussion

In the complaint, the plaintiff states that he is "filing for unjust treatment from Potomac Highlands Regional Jail [and] Sgt. Elza who work[s] for the jail." (Pl.'s Compl. at 4.) Plaintiff

2

contends that he suffered cruel and unjust treatment when he was placed in lock-down because he would not sleep on the floor due to medical problems with his back. Plaintiff asserts that his being moved from a medical "pod" to the floor of a non-medical "pod" was racially motivated. Plaintiff also contends that he was assaulted by six to eight guards at the Potomac Highlands Regional Jail. Plaintiff states that the assault occurred while he was handcuffed and shackled and that the guards tried to break his left arm and leg. Plaintiff states that as a result his left knee is swollen and very sore. Plaintiff requested that the state police be contacted, but his request was denied.

This Court notes that the plaintiff admits that he has not exhausted his administrative remedies with regard to the issues being raised in the complaint. Instead, the plaintiff argues that he cannot exhaust his administrative remedies because the Potomac Regional Jail does not have a grievance procedure.

A. <u>Potomac Highlands Regional Jail and Prime Care</u>

In the complaint, the plaintiff names the Potomac Highlands Regional Jail and Prime Care medical as defendants in this action. Neither of these defendants is a person. Thus, neither party is proper to this action and must be dismissed. <u>See Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)(claims arising under § 1983 are directed at persons); <u>see also</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989)("[n]either

a state nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, the plaintiff's claims against Potomac Highlands Regional Jail and Prime Care must be dismissed.

B. <u>Jerry Detricck</u>

In the complaint, the plaintiff names Detricck in his capacity as the Administrator of the Potomac Highlands Regional Jail. Plaintiff does not assert that Detricck was personally involved in the violation of his constitutional rights. Instead, the plaintiff names Detricck only in his official capacity as the overseer of the Potomac Highlands Regional Jail and its employees.

There is no respondeat superior liability under § 1983. <u>See</u> <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658 (1978). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1997). Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. <u>Fisher v. Washington Metropolitan Area Transit Authority</u>, 690 F.2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a

4

> 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).

In this action, the plaintiff fails to allege any personal involvement on the part of Detricck and does not make any allegations which reveal the presence of the required elements for supervisory liability. Thus, the plaintiff fails to state a claim against Detricck and he must be dismissed as a defendant in this action.

C. Sergeant James Elza

In the complaint, it appears that Sergeant Elza is the person who allegedly placed the plaintiff in lock-down, after trying to move him from a medical "pod" to the floor of a non-medical "pod" for allegedly racially motivated reasons. Even assuming that the plaintiff stated facts sufficient to carry his claim beyond summary dismissal, the plaintiff's claim against Sergeant Elza must be dismissed for the failure to exhaust administrative remedies.

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required when a prisoner brings an action seeking redress for prison conditions under 42 U.S.C. § 1983, or any other federal law. 42 U.S.C. § 1997(e)(a). Under

§ 1997(e)(a) exhaustion is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The United States Supreme Court in Porter held that "the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstance or particular episodes." Id. Because exhaustion is a prerequisite to filing an action in federal court, all available administrative remedies must be exhausted prior to filing a complaint. Id. (citing Booth, 532 U.S. at 741.) In addition, the Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . . ." Booth, 532 U.S. at 741 n.6.

If the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Prison Health Servs., 407 F.3d 674, 681 (4th Cir. 2005).

The magistrate judge correctly noted that the plaintiff's assertion that the Potomac Highlands Regional Jail does not have an administrative remedies procedure is incorrect. According to the inmate handbook for the Regional Jail Authority, the Regional Jail Authority has a three-step grievance process. First, the prisoner must file a Level One grievance with the administrator on an inmate grievance form which is to be provided by jail personnel. If

unsatisfied with the Level One decision, the prisoner may proceed to Level Two by filing an appeal with the Chief of Operations. Such an appeal must be filed, in writing, within five days of the receipt of the administrator's decision and must include a copy of the initial complaint and the administrator's decision. Within five days of receipt of a Level Two decision, the prisoner may request a review by the Office of the Executive Director. The prisoner must mail copies of the original complaint and copies of all responses to the Office of the Executive Director at the Regional Jail Authority.

This Court finds that the Regional Jail Authority has an established grievance procedure as stated above. Moreover, the plaintiff admits that his administrative remedies are not exhausted with regard to his claims against Sergeant Elza. Thus, the failure to exhaust is clear on the face of the complaint and <u>sua sponte</u> dismissal is appropriate in this action. Accordingly, the claims against Sergeant James Elza must be dismissed.

D.  <u>Plaintiff's Alleged Assault</u>

In the complaint, the plaintiff claims that he was assaulted on May 27, 2005, by six to eight corrections officers. Upon review of the record, this Court finds that the plaintiff has failed to exhaust his administrative remedies with respect to the plaintiff's alleged assault claim against the corrections officers.

Further, this Court notes that, even if the plaintiff had exhausted his claim for alleged assault, he fails to name any of the corrections officers who allegedly participated in the assault. This Court finds that pursuant to Federal Rule of Civil Procedure 8(a), the plaintiff's alleged assault claim is insufficiently pled. See Fed. R. Civ. P. 8(a)("[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or a third-party claim, shall contain (1) a short and plain statement on the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.").

Accordingly, the plaintiff's alleged assault claim must be dismissed for failure to exhaust administrative remedies and because it is insufficiently pled pursuant to Federal Rule of Civil Procedure 8.

III. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's claims against the Potomac Highlands Regional Jail, Prime Care and Jerry Detricck are hereby DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.

§§ 1915A and 1915(e) for the failure to state a claim. Further, this Court finds that the plaintiff's claims against Sergeant James Elza are hereby DISMISSED WITHOUT PREJUDICE for the failure to exhaust administrative remedies and the plaintiff's assault claim against the six to eight corrections officers is hereby DISMISSED WITHOUT PREJUDICE for the failure to exhaust and because the claim is insufficiently pled.

Moreover, under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

Accordingly, this civil action is DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 30, 2007

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE